**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY WILLIAMS, (R34843), ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 14 C 5561 |
| v. ) | |
| ) | |
| GREG GOSSETT,[1] Warden, Illinois River ) | |
| Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

On May 19, 2014, pro se Petitioner Anthony Williams placed in the prison mail system the present petition for a writ of habeas corpus under 28 U.S.C. § 2254(d). Before the Court is Respondent's motion to dismiss Williams' habeas petition as untimely. *See* 28 U.S.C. § 2244(d)(1). For the following reasons, the Court grants Respondent's motion to dismiss and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2). The Court dismisses this action in its entirety.

## PROCEDURAL BACKGROUND

On October 6, 2004, Williams pleaded guilty in the Circuit Court of Cook County to murder and the Circuit Court sentenced him to twenty years imprisonment. Although the judgment did not mention it, Williams' sentence also included a three-year term of mandatory supervised release ("MSR") under 730 ILCS 5/5-8-1. On May 25, 2005, well over thirty days

---

[1] Greg Gossett is the warden of Illinois River Correctional Center where Petitioner is incarcerated. The Court thus substitutes Gossett as the named Respondent in this lawsuit. *See Rumsfeld v. Padilla,* 542 U.S. 426, 436, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); Fed. R. Civ. P. 25(d).

after the Circuit Court sentenced Williams, he filed an untimely motion to withdraw his guilty plea. On July 25, 2005, the Circuit Court denied Williams' motion. According to Respondent, the Clerk's Office of the Illinois Appellate Court, First District, confirmed that no direct appeal was filed from Williams' case number, 00 CR 14511-01.

On May 30, 2007, Williams placed in the prison mail system his petition for post-conviction relief pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.*, challenging his MSR term. On September 14, 2007, a Circuit Court of Cook County judge dismissed Williams' post-conviction petition as frivolous and patently without merit. *See* 725 ILCS 122-2.1(a). Again, the Clerk's Office of the Illinois Appellate Court, First District, confirmed that no post-conviction appeal was filed from his case number, 00 CR 14511-01.

On May 19, 2014, Williams placed in the prison mail system the present petition for a writ of habeas corpus under 28 U.S.C. § 2254(d), in which he challenges his MSR term. On November 6, 2014, Respondent filed the present motion to dismiss. Williams' response brief was due on or before December 5, 2014. To date, Williams has failed to file a response or a motion for an extension of time to file a response brief.

## LEGAL STANDARD

"AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." *Wall v. Kholi*, ___ U.S. ___, 131 S.Ct. 1278, 1283, 179 L.Ed. 252 (2011) (citing 28 U.S.C. § 2244(d)(1)(A)); *see also Socha v. Boughton,* 763 F.3d 674, 678 (7th Cir. 2014); *Ray v. Clements,* 700 F.3d 993, 1003 (7th Cir. 2012). "This period runs 'from the latest of' four specified dates, including":

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Wall,* 131 S.Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(1)(A)-(D)); *Martin v. Bartow,* 628 F.3d 871, 873 (7th Cir. 2010) ("The statute states that the limitations period begins to run from the latest of four enumerated events.").

## ANALYSIS

**I.     Timeliness Analysis**

As a starting point, the Court turns to the date upon which Williams' judgment became final under 28 U.S.C. § 2244(d)(1)(A). *See Gonzalez v. Thaler*, ___ U.S. ___ 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012) (conviction becomes final upon expiration of time for seeking direct appellate review). On October 6, 2004, Williams pleaded guilty and the Circuit Court sentenced him to twenty years imprisonment. On May 25, 2005, Williams filed an untimely motion to withdraw his guilty plea. Williams' motion to withdraw his guilty plea was untimely because he was required to file this motion within 30 days of the date that the trial court imposed his sentence. *See* Ill.S.Ct.R. 604(d). As such, Williams' judgment became final on November 5, 2004, which was 30 days after the Circuit Court of Cook County entered judgment on his guilty plea and sentenced him to twenty years imprisonment. *See People v. Albers*, 992 N.E.2d 600, 603, 372 Ill.Dec. 758, 761 (2d Dist. 2013) ("the failure to file the appropriate motion under Rule 604(d) results in dismissal of the appeal"); *People v. Green,* 375 Ill.App.3d 1049, 1053, 314

3

Ill.Dec. 570, 874 N.E.2d 935 (2d Dist. 2007) ("defendant's failure to follow Rule 604(d) by [timely] moving to withdraw his guilty plea and vacate the judgment subjected him to the consequence actually specified by the rule — the loss of his right to appeal the judgment."). Therefore, absent statutory or equitable tolling, Williams had until November 6, 2005, to file a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d).

## II. Statutory Tolling

The limitations period is tolled during the pendency of a properly filed application for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(2); *see also Ray,* 700 F.3d at 1003. Williams, however, did not file his post-conviction petition until May 30, 2007, which was a year and a half after his judgment became final on November 6, 2005. The Circuit Court then dismissed Williams' post-conviction petition on September 14, 2007, and Williams did not file an appeal from the dismissal of his post-conviction petition. Thereafter, Williams placed the present habeas petition in the prison mail system on May 19, 2014, approximately six and a half years after the Circuit Court dismissed his post-conviction petition. Accordingly, absent any additional statutory or equitable tolling, Williams' habeas petition is untimely by approximately eight years.

Construing Williams' habeas filings liberally, *see Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014), he asserts that he did not know the factual predicate of his habeas claim, namely, that he was sentenced to a MSR term, until after he was incarcerated. *See* 28 U.S.C. § 2244(d)(1)(D); *Villanueva v. Anglin,* 719 F.3d 769, 774 (7th Cir. 2013). After reviewing the record, the latest Williams could have discovered that he was sentenced to a MSR term was when he raised this issue in his May 30, 2007, post-conviction petition. Therefore, under the

statutory tolling provision set forth in § 2244(d)(1)(D), the time between when his conviction became final and the Circuit Court's denial of Williams' post-conviction petition on September 14, 2007, is tolled. Taking into account this one and a half year time period, Williams filed the present habeas petition approximately six and a half years too late. The Court thus turns to whether equitable tolling applies under the circumstances.

**III.    Equitable Tolling**

Although the one-year limitations period is subject to equitable tolling, federal courts will only allow equitable tolling if extraordinary circumstances beyond the petitioner's control prevented the timely filing of his habeas petition. *See Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed. 2d 130 (2010); *see also McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 1931, 185 L.Ed.2d 1019 (2013). A petitioner seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland,* 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)); *see also Obriecht v. Foster,* 727 F.3d 744, 748 (7th Cir. 2013).

In his habeas petition, Williams explains that he did not pursue his appeals in state court because he feared losing his good conduct credit. Construing Williams' pro se argument liberally, he is arguing that he did not understand the legal ramifications of his failure to appeal his claims. It is well-established that the "[l]ack of familiarity with the law, however, is not a circumstance that justifies equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 811-12 (7th Cir. 2013). Similarly, a habeas petitioner's pro se status or lack of legal training does not entitle him to equitable tolling. *See Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) ("lack of legal

5

expertise is not a basis for invoking equitable tolling"); *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008) (pro se status does not toll limitations period).

Indeed, nothing in the record indicates that extraordinary circumstances prevented Williams from complying with the one-year limitations period.[2] *See Holland,* 130 S.Ct. at 2560. Because Williams has not established that statutory or equitable tolling apply, his habeas petition is untimely under § 2244(d)(1).

## IV.   Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Williams a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present order. *See Gonzalez*,132 S.Ct. at 649 n.5.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). Moreover, a habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; *Thomas v. Zatecky,* 712 F.3d 1004, 1006 (7th Cir. 2013); 28 U.S.C. § 2253(c)(2). Under this standard, Williams must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

---

[2] Williams did not bring an actual innocence claim in his post-conviction petition under 725 ILCS 5/122-1, nor does he claim that he is actually innocent in the present habeas petition.

adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

As the Seventh Circuit has held "[w]hether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability." *Owens v. Boyd,* 235 F.3d 356, 358 (7th Cir. 2000) (collecting cases); *see also West v. Schneiter,* 485 F.3d 393, 395 (7th Cir. 2007) ("questions of statutory interpretation, such as whether the petition was timely, do not qualify for a certificate, because they do not concern the Constitution"); *see, e.g., Martinez v. Jones,* 556 F.3d 637, 639 (7th Cir. 2009) (per curiam). As such, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court grants Respondent's motion to dismiss Williams' habeas petition as untimely under 28 U.S.C. § 2244(d)(1) and dismisses this action in its entirety. The Court further declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** December 19, 2014

            **ENTERED**

            _____
            **AMY J. ST. EVE**
            **United States District Court Judge**